**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID STROZDAS, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                                              ) | NO. CIV-04-0993-HE |
| ) | |
| ENVIRONMENTAL MANAGEMENT, ) | |
| INCORPORATED, ET AL.,                    ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the motions to dismiss filed by defendants Environmental Management, Incorporated, Deer Time Ranch, L.L.C., Terry Bobo[1] and HEPACO, Incorporated.[2] Plaintiffs have responded in opposition to the motions. Upon review, the Court concludes defendants' motions should be denied.

Plaintiffs allege the defendants violated the False Claims Act, 31 U.S.C. §§ 3729-3733, by submitting false claims for payment to the government pursuant to a contract between defendant Environmental Management and the United States Drug Enforcement Agency.[3] In particular, plaintiffs allege the defendants reported, and received payments for, expenses they did not actually incur for travel time, overtime wages, holiday and vacation

---

[1]*Defendants Environmental Management, Deer Time Ranch and Bobo have also filed a motion to submit extrinsic evidentiary materials in support of their motions. At this stage of the proceedings, the Court need not consider matters outside the pleadings in order to assess the motions filed by defendants. Accordingly, defendants' motion to submit evidence outside the pleadings is **DENIED**.*

[2]*HEPACO has filed an answer to the complaint as well as a "brief in support" of its defense that the complaint fails to state a claim. It has also filed a motion for judgment on the pleadings and a motion for a more definite statement. HEPACO's position that the complaint fails to state a claim is addressed herein. As HEPACO has filed an answer specifically denying plaintiffs' allegations, and thus presenting questions of fact for resolution, its motions for judgment on the pleadings and a more definite statement are **DENIED**.*

[3]*This is a qui tam action in which the United States has intervened as a party.*

pay, benefit payments, use of trained and certified personnel, and transportation and destruction or disposal of hazardous chemicals and equipment. Plaintiff David Strozdas also alleges defendants Environmental Management and Bobo unlawfully terminated him from his employment and breached an implied employment contract. Defendants have responded to the complaint with motions to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), dismissal of a complaint is inappropriate "unless plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir.1998). A court's function on a Rule 12(b)(6) motion "'is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" U.S. ex rel. Morton v. A Plus Benefits, Inc., No. 04-4148, 2005 WL 1672221, at *2 (10th Cir. Jul. 19, 2005)[4] (quoting Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1278-79 (10th Cir.2000)). When reviewing a 12(b)(6) motion, the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff.. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).

With respect to plaintiffs' allegations of false claims, defendants assert they have not been stated with particularity as required by Federal Rule of Civil Procedure 9(b) because neither documentary evidence nor specific dates or dollar amounts have been provided in support of such claims. Plaintiffs respond that their allegations are either sufficient under Rule 9(b) or that the pleading requirement should be relaxed because the specific evidence

---

[4]*Morton* is an unpublished opinion cited for persuasive value only pursuant to 10th Cir. R. 36.3(B).

surrounding their claims are within the exclusive control of the defendants.[5]

The purpose of Rule 9(b) is to afford a defendant fair notice of a plaintiff's claims and the factual basis for those claims. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1237 (10th Cir. 2000). In order to satisfy Rule 9(b)'s particularity requirement a party must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" Koch, 203 F.3d at 1237 (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir.1991)). "Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief." Scheidt v. Klein, 956 F.2d 963, 967 (10th Cir. 1992).

In this case, the allegations set forth by the plaintiffs satisfy Rule 9(b). Plaintiffs have specified the nature of the alleged falsehoods which are the basis for their claims, alleged that these false claims were included on invoices, cost estimates and waste generation reports submitted to the government and that they were made during the duration of the contract. In addition, depending on the specific allegation in the complaint, plaintiff has identified the parties who either made or contributed to the false representation made to the government. While plaintiffs have not provided detail as to specific transactions or claims, the Court concludes such detail is not required to place the defendants on notice of the allegations they are facing. Further, the Court notes it is not the invoices or other documentation submitted to the government which will prove or disprove the existence of false claims allegedly made by the defendants. Rather, it is the internal records demonstrating, for example, the true time records of employees, which are relevant to proving the truth or falsity of such claims.

---

[5]*The parties do not dispute the applicability of Rule 9(b) to allegations made under the False Claims Act.*

Because these documents are peculiarly within the knowledge and possession of the defendants, plaintiffs claims are sufficient to satisfy Rule 9(b)'s particularity requirements. Accordingly, defendants' motions to dismiss based on Rule 9(b) are **DENIED**.[6]

Defendants Environmental Management and Bobo also move for dismissal of plaintiff Strozdas' claim for breach of an implied employment contract. In particular, defendants assert that plaintiff Strozdas has failed to allege facts sufficient to set forth the existence of an implied contract or the breach of such contract. However, Federal Rule of Civil Procedure 8(a)(2) merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's allegations regarding breach of an implied employment contract satisfy this threshold. Accordingly, defendants' motions to dismiss such claim are **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]*The Court also rejects defendants' assertions that the knowledge of defendant Bobo in submitting or directing the submission of false claims to the government must be stated with particularity. See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally.").*