**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID STROZDAS, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. CIV-04-0993-HE |
| | ) | |
| ENVIRONMENTAL MANAGEMENT, INCORPORATED, ET AL., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the court on the motion to compel discovery [Doc. #104] filed by defendant Environmental Management Incorporated (EMI) and the motion for protective order [Doc. #105] filed by plaintiff United States of America. The court held a hearing on the motions on August 3, 2006, and the parties submitted supplemental papers as ordered by the court. Having reviewed the parties' submissions and heard oral argument on the issues, the court concludes EMI's motion to compel should be granted in part and denied in part and the motion for protective order filed by the United States should be granted.

Plaintiffs allege the defendants violated the False Claims Act, 31 U.S.C. §§ 3729-3733, by submitting false claims for payment to the government pursuant to a contract between EMI and the United States Drug Enforcement Agency (DEA).[1] EMI submitted interrogatories and requests for production of documents to plaintiffs seeking information and documents related to the plaintiffs' contentions. Although plaintiffs have responded to the discovery requests, EMI asserts that such responses are inadequate or incomplete.

EMI submitted eleven Interrogatories to plaintiffs requesting specific identification of each alleged false claim related to billing, licensing and training and the specific basis for

---

[1]*This is a qui tam action originally filed by plaintiff David Strozdas. The United States has intervened as a party.*

falsity of each claim. Plaintiffs responded by directing EMI to the contentions raised in the amended complaint and by identifying and providing for review and copying of 1,358 files, all of which they allege contain false claims. Plaintiffs' response, which directs EMI to the information and evidence plaintiffs believe support their allegations, is sufficient. Under the circumstances existing here, plaintiffs are not required to either categorize or marshal their evidence for the benefit of defendant in order to sufficiently respond to discovery. See Fed. R. Civ. P. 33(d).[2] As a result, EMI's motion to compel on this basis is **DENIED**.

In its Request for Production No. 17, EMI seeks production of plaintiff Strozdas' disclosure statement provided to the United States pursuant to 31 U.S.C. § 3730(b)(2). Plaintiffs have objected to the production of the disclosure statement on the basis that it is either privileged under § 3730(b)(2) or is protected as work product.[3] Having reviewed the disclosure statement in camera, the court concludes the majority of its contents are subject to production. First, § 3730(b)(2) does not prohibit the production of the disclosure

---

[2]*Rule 33(d) states:*

*Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.*

[3]*"Work product can be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, i.e., fact work product, which may be discoverable under appropriate circumstances." In re Qwest Commc'ns Int'l Inc., 450 F.3d 1179, 1186 (10th Cir. 2006).*

statement. United States v. Rockwell Int'l Corp., 144 F.R.D. 396, 398 (D. Colo. 1992) (noting that the language of §3730 does not create a statutory prohibition against production of the written disclosure statement). Second, except as noted below, the disclosure statement's contents are merely a factual recitation by plaintiff Strozdas. See, e.g., Rockwell, 144 F.R.D. at 401 ("Where, as here, the work product in question merely consists of a document reciting factual information provided by the client, the necessity for protection from discovery is weak, at best."). Finally, EMI has demonstrated a substantial need for the disclosure of this document in light of the nature, complexity and extent of the claims alleged in this case. See Fed. R. Civ. P. 26(b)(3). Therefore, EMI's motion to compel production of plaintiff Strozdas' disclosure statement is **GRANTED**. However, as the last three pages of the 34 page statement contain opinions and mental impressions of plaintiff Strozdas, the court concludes those pages should be redacted. Accordingly, plaintiffs are **ORDERED** to produce pages 1-31 of the disclosure statement to EMI within **five (5) days** of the date of this order.

Finally, plaintiff United States has filed a motion for protective order seeking relief from EMI's notice to take a Rule 30(b)(6) deposition related to the sufficiency of the United States' responses to EMI's discovery requests, the steps undertaken to locate relevant paper and electronic documents and the policies of certain agencies related to document retention. The court concludes the motion for protective order should be granted.

As addressed above, the United States has adequately responded to EMI's discovery requests. With respect to the search and disclosure of documents relevant to this litigation, the court is satisfied, based on the affidavit submitted by DEA counsel Ellen Harrison, that the United States has undertaken sufficient and adequate procedures to identify and produce documents related to this case and responsive to the discovery requests. As a result, a

30(b)(6) deposition related to these matters is unnecessary. Accordingly, plaintiff's motion for protective order is **GRANTED**.

    **IT IS SO ORDERED**.

Dated this 25th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE